# WALFRED ASPLUND, Respondent, v. C. V. DANIELSON, Appellant.

### (217 N. W. 848.)

**Corporations — breach of contract for repurchase of stock — cause of action exists.**

1. In an action for damages for breach of contract to repurchase corporate stock, it is held that the complaint states sufficient facts to constitute a cause of action as against objection made to the introduction of evidence.

**Contracts — showing intention of parties that time is essence of contract held sufficient.**

2. Though the statute, § 5918, Comp. Laws 1913, provides that "time is never considered as of the essence of a contract unless by its terms expressly so provided," yet it is not necessary that this shall be declared in so many words. It is sufficient if it appear that it was the intention of the parties to the contract that time should be of the essence thereof.

**Contracts — time held to be essence of contract to repurchase on certain date agreed upon by parties.**

3. Where in a contract to repurchase stock the defendant agreed in writing "I agree to take this stock . . . at $100 on the 1st day of May, 1920," it is held, for reasons stated in the opinion, that time is of the essence of the contract and that a demand to repurchase on the 1st of June, 1920, is too late.

**Judgment — evidence held to sustain judgment on an oral contract.**

4. Evidence examined and held to sustain the judgment for the plaintiff in an action to recover on an oral contract to repurchase stock.

Opinion filed February 10, 1928.   Rehearing denied February 24, 1928.

Contracts, 13 C. J. § 783 p. 687 n. 39.   Corporations, 14 C. J. § 860 p. 580 n. 22.

Appeal from the District Court of Burleigh County, *Jansonius,* J.

Action for damages for breach of contract to repurchase stock. From an order denying his ·motion for judgment notwithstanding the findings, conclusions, and order for the plaintiff or for a new trial, and from the judgment entered, defendant appeals.

Note.— (1, 2) Time as of essence of contract by stipulation of parties, see 6 R. C. L. 898; 2 R. C. L. Supp. 238; 4 R. C. L. Supp. 450; 5 R. C. L. Supp. 376; 6 R. C. L. Supp. 418; 7 R. C. L. Supp. 205.

Affirmed in part and reversed in part.

*Hyland & Foster,* for appellant.

The rule that in equity time is not the essence of the contract does not apply to a mere offer to make a contract. Trogden v. Williams (N. C.) 10 L.R.A.(N.S.) 867, 56 S. E. 865.

That in a contract for the sale and delivery of merchandise, a statement as to the time of shipment is ordinarily regarded as a condition precedent, upon the failure or nonperformance of which the party aggrieved may repudiate the whole contract. Sunshine Cloak & Suit Co. v. Roquette Bros. 30 N. D. 143, 152 N. W. 359.

A court will be confined to what is expressed in the contract, and will be precluded from going outside of the same and considering contemporaneous and extraneous matters. Standard Lumber Co. v. Miller, 21 Okla. 617, 96 Pac. 761; Green Duck Co. v. Patterson, 36 Okla. 392, 128 Pac. 703.

When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone if possible. Harney v. Wirtz, 30 N. D. 293, 152 N. W. 803.

Parol evidence is not admissible to contradict or vary the terms of a mortgage. Ibid.

A patent ambiguity is an inherent uncertainty appearing on the face of the instrument, and arises at once on the reading of the instrument. Ibid.

A latent ambiguity is an uncertainty which arises not by the terms of the instrument itself, but is created by some collateral matter not appearing in the instrument. Ibid.

The language of a contract is to govern its interpretation if the language is clear and explicit, and does not involve an absurdity. Ibid.

When a contract is not ambiguous, is in words of ordinary meaning, and the court needs no aid in the interpretation of the language used, it is not competent for the parties to show by parol evidence that such words were used in some other sense. Embden State Bank v. Boyle, 50 N. D. 573, 196 N. W. 820.

*F. E. McCurdy,* for respondent.

"An oral agreement by the agent of a corporation to induce a prospective purchaser to take stock therein that he would pay her upon demand the amount of money paid for the stock was held not to be

an agreement to purchase stock but an entire contract on the purchaser's part which was fully executed." Trenholm v. Kloepper, 88 Neb. 236, 129 N. W. 436.

NUESSLE, Ch. J. In 1919 the defendant Danielson was in the automobile business. Among other cars he sold Pan cars. He was a stockholder in the Pan Motor Company. This company was then selling its stock to the public. One of its agents engaged the defendant to drive him about on this stock selling campaign. In October they went to see the plaintiff, a farmer living near Wilton. The salesman tried to induce the plaintiff to buy but the plaintiff was skeptical concerning some of the representations made by him. The defendant assured him that these representations were truthful and there was some talk between the plaintiff and the defendant regarding the matter. Finally the defendant said that if the plaintiff would buy $100 worth of the stock that he the defendant would repurchase the same from the plaintiff in the spring if plaintiff were dissatisfied with it. The plaintiff said he would buy with this assurance but required that the agreement be in writing. So the defendant made out and signed the following writing which he gave to the plaintiff: "I agree to take this stock from W. Asplund at $100 on the 1st day of May, 1920." Thereupon the plaintiff bought and paid for the stock. Subsequently he became dissatisfied with it. About the 1st of June, 1920, he went to the defendant, told him he was dissatisfied, and asked the defendant to take the stock in accordance with his written agreement. This the defendant refused to do on the ground that the demand was not in accordance with the agreement since it was made too late and that he had all the stock he wanted. Early in the year 1920 the defendant, under the same sort of an arrangement with the Pan Motor Company's stock salesman heretofore described, went out to the Olson farm. The salesman endeavored to sell to Olson but Olson was wary. Some conversation was had regarding the sale of stock to Asplund and, finally, the defendant said that if Olson would buy $100 worth of the stock defendant would make the same agreement with him. Olson testifies that Danielson said that if he should become dissatisfied with the stock that he, Danielson, would take it off his hands at $100 at any time after May 1st. Relying upon this assurance, which was in this case verbal,

Olson bought and paid for $100 worth of the stock taking the certificates in his wife's name. The stock was delivered to him later. Early in the fall of 1920 Olson told Danielson that he was dissatisfied and asked Danielson to take the stock pursuant to his agreement. This Danielson refused to do saying, according to Olson, that he had no funds wherewith to pay for it. Subsequently Olson assigned his claim on account of the breach of this agreement to the plaintiff Asplund. It appears that both Asplund and Olson still have their stock and are willing to assign it to Danielson. It further appears that the stock was and is worthless. Asplund brought this action to recover damages for breach of his contract with Danielson and also to recover as assignee of Olson on account of the breach of Olson's contract. The case was tried to the court without a jury. The court found for the plaintiff and ordered judgment for the sum of $200, the amount claimed, and interest. The defendant moved for judgment notwithstanding the findings of fact, conclusions of law and order for judgment for the plaintiff or for a new trial. This motion was denied. Judgment was entered for the plaintiff and this appeal is from the judgment and order denying the motion.

The defendant specified numerous errors as grounds for his motion for judgment notwithstanding or for a new trial. He grounds this appeal on the same errors. While numerous specifications are set out, they point to one or the other of two propositions on which the defendant relies for a reversal: First, that the complaint does not state facts sufficient to constitute a cause of action and, second, that the contracts between the defendant and Asplund and Olson were unilateral contracts and options only, and that plaintiff and his assignor never brought themselves within the terms thereof and so no causes of action ever arose thereunder.

It seems to us that there can be no question but that the complaint states facts sufficient to constitute causes of action on the several contracts. It sets forth the assurances or offers of the defendant; that the parties in reliance upon such offers and because thereof bought the stock; that they became dissatisfied with the stock and demanded of the defendant that he take it over pursuant to the offers; that this demand was refused; that the stock was and is worthless; and the damage to the parties by reason of the refusal. The defendant contends that

neither acceptance of nor compliance with the terms of the contracts are alleged in the complaint. We cannot agree to this. The complaint was attacked by objection to the introduction of evidence after an answer had been interposed. It must be construed as favorably to the plaintiff as possible. It sufficiently sets forth an acceptance of and compliance with the terms of the alleged contracts.

Next, the defendant contends that the contracts were unilateral and in fact merely options; that under the terms thereof it became and was necessary for Asplund and Olson to give notice to and make demands upon the defendant to purchase the stock on May 1st; that time was of the essence of the contracts and that demand on the first of June or later was not sufficient compliance with such contracts. On the other hand, the plaintiff insists that time was not of the essence of the contracts; that the contracts are ambiguous and that testimony is admissible to show all the facts and circumstances in connection with their making as an aid in construing the contracts; that demand on Danielson to repurchase was timely if made within a reasonable time after May 1st.

The statute, § 5918, Comp. Laws 1913, provides: "Time is never considered as of the essence of a contract unless by its terms expressly so provided." But it is not necessary that this provision shall be declared in so many words. It is sufficient if it appears that it was the intention of the parties thereto that time should be of the essence of the contract. See Sunshine Cloak & Suit Co. v. Roquette Bros. 30 N. D. 143, L.R.A.1916E, 932, 152 N. W. 359. In the instant case the writing given by Danielson to Asplund specified May 1st as the time when Danielson would take the stock. Danielson could not compel the plaintiff to turn the stock over to him. He had no option in the matter. The option was with the plaintiff whether he would require the defendant to take it. The writing limited the time within which the option must be exercised. But it might have been exercised at any moment within the time. So we think it clear that time was of the essence of the contract. Asplund made no choice prior to the time specified so the option expired. When plaintiff demanded that Danielson take the stock on June 1st it was too late and no cause of action arose in plaintiff's favor. He cannot recover on account of breach of his contract. Williston, Contr. § 853, and cases cited. See also

§ 5779, Comp. Laws 1913, providing: "If the party having the right of selection between alternative acts does not give notice of his selection to the other party within the time, if any, fixed by the obligation for that purpose or, if none is so fixed, before the time at which the obligation ought to be performed, the right of selection passes to the other party."

Plaintiff, however, insists that in this case the writing is ambiguous and that testimony is admissible to show all the facts and circumstances prior to its making to ascertain the meaning that should be given to it. It may be that the writing is ambiguous in certain respects but it is not ambiguous with reference to the time in which Asplund was required to make his choice. The writing speaks for itself as to this and we must accept the intention of the parties as thereby expressed. Harney v. Wirtz, 30 N. D. 292, 152 N. W. 803.

With respect to the Olson claim against the defendant, however, a different situation exists. There the assurance was oral. The testimony of the plaintiff's witnesses is that the agreement was to take the stock at any time after May 1st. While this is denied by the defendant his testimony as to what was said to the contrary is uncertain and indefinite. In the conversation something was said about the Asplund contract, but they did not have this contract there and Olson never saw it. The trial court found in accordance with the plaintiff's contention. We think that this finding is sustained by the evidence and we are not inclined to disturb it. Olson notified Danielson of his dissatisfaction with the stock and some time early in the fall demanded that he repurchase it. We think that this was not so long after May 1st as to amount to an unreasonable delay and that Danielson was bound to take the stock or answer in damages for his refusal to do so. He refused to carry out his contract and so a cause of action arose in Olson's favor. The plaintiff as Olson's assignee is entitled to recover therefor. The judgment must therefore be affirmed as to the recovery on the Olson contract, otherwise it is reversed, plaintiff to have his costs.

BIRDZELL, CHRISTIANSON, BURKE, and BURR, JJ., concur.