2013 ND 102

**Shawn KNUDSON, Individually, and as a Partner of Tri–K Farms, Plaintiff and Appellee**

v.

**Randy KYLLO, Individually, and as a Partner of Tri–K Farms, Defendant and Appellant.**

**No. 20120421.**

Supreme Court of North Dakota.

June 19, 2013.

Ronald H. McLean (argued), Peter W. Zuger (on brief), and Ian McLean (appeared), Fargo, N.D., for plaintiff and appellee.

Michael T. Andrews, Fargo, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Randy Kyllo, individually and as a partner of Tri–K Farms, appeals from a district court order denying his claim against Shawn Knudson, individually and as a partner of Tri–K Farms, for usurpation of a partnership opportunity.  We affirm.

I

[¶ 2]   Kyllo began farming with his stepfather, Michael Knudson, near Clifford in the late 1970s.  Shawn Knudson, Michael Knudson's son and Kyllo's half brother, began farming with them in the 1980s.  In 1992, Michael Knudson stopped farming, and in 1994, Kyllo and Shawn Knudson formed a general partnership, Tri–K Farms, to conduct their farming operation.  Knudson and Kyllo did not execute a written partnership agreement, but

they operated Tri–K Farms as an equal partnership, with each partner making equal contributions of land, equipment, and labor and splitting income and expenses equally. Both partners separately owned land the partnership farmed. By the mid 1990s, the partnership was farming about 4,000 acres of land the partners owned or the partnership leased. One of the parcels of land Tri–K Farms leased was the "Fougner" land, which Knudson separately purchased by contract for deed in May 2005, in part, with partnership funds. In March 2006, Knudson and Kyllo met with an attorney about dissolving the partnership. The attorney prepared a written partnership dissolution agreement to dissolve the partnership and distribute the partnership assets, but neither Knudson nor Kyllo signed the agreement.

[¶ 3] In 2008, Knudson sued Kyllo, asserting various claims related to the partnership operation and seeking an accounting and dissolution of the partnership. Kyllo answered, seeking an accounting and dissolution of the partnership. He also counterclaimed for damages for usurpation of a partnership opportunity relating to Knudson's purchase of the Fougner land. After a bench trial, the district court resolved the parties' claims regarding the partnership operation, provided an accounting for partnership assets and liabilities, dissolved the partnership, and after offsets, ordered Knudson to pay Kyllo $24,703.97.

[¶ 4] Knudson appealed and Kyllo cross-appealed. Kyllo argued the court erred in awarding him only $1,526.97 on his counterclaim for usurpation of a partnership opportunity related to Knudson's individual purchase of the Fougner land. This Court affirmed the district court's findings of fact related to the dissolution of the partnership, but reversed the court's decision on Kyllo's claim for usurpation of

a partnership opportunity, holding the court failed to make appropriate findings on the claim, and remanded for consideration of that issue. *Knudson v. Kyllo,* 2012 ND 155, 819 N.W.2d 511.

[¶ 5] On remand, the district court entered an order finding Kyllo failed to establish by a preponderance of the evidence that Knudson improperly usurped a partnership opportunity. The court found Knudson did not usurp a partnership opportunity because the partnership never intended to purchase the property, owning the land was not within the scope of the partnership's business, the partnership was allowed to continue to farm the land after the sale, and the income from the lease went to the partnership.

## II

[¶ 6] Kyllo argues the district court erred in deciding Knudson did not usurp a partnership opportunity. Kyllo claims the sale of the Fougner property was a partnership opportunity, Knudson breached his fiduciary duty to the partnership, Knudson had a statutory duty to provide information regarding prospective partnership opportunities, and the court's finding that the partnership never intended to purchase the property is clearly erroneous.

[¶ 7] In an appeal from a bench trial, the court's findings of fact are reviewed under the clearly erroneous standard. N.D.R.Civ.P. 52(a)(6). " 'A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made.' " *Niles v. Eldridge,* 2013 ND 52, ¶ 6, 828 N.W.2d 521 (quoting *Fladeland v. Gudbranson,* 2004 ND 118, ¶ 7, 681 N.W.2d 431). The court's conclusions of law are fully reviewable. *Niles,* at ¶ 6. We give due regard to the district court's op-

portunity to judge the witnesses' credibility. N.D.R.Civ.P. 52(a)(6). "A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply because we may have viewed the evidence differently does not entitle us to reverse the district court." *Knudson*, 2012 ND 155, ¶ 9, 819 N.W.2d 511.

[¶ 8] A partner owes fiduciary duties of loyalty and care to the partnership and the other partners. *Sandvick v. LaCrosse*, 2008 ND 77, ¶¶ 15–16, 747 N.W.2d 519. Section 45–16–04, N.D.C.C., provides the general standards for a partner's conduct:

1. The only fiduciary duties a partner owes to the partnership and the other partners are the duty of loyalty and the duty of care set forth in subsections 2 and 3.

2. A partner's duty of loyalty to the partnership and the other partners is limited to the following:

   a. To account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership property, including the appropriation of a partnership opportunity;

   b. To refrain from dealing with the partnership in the conduct or winding up of the partnership business as or on behalf of a party having an interest adverse to the partnership; and

   c. To refrain from competing with the partnership in the conduct of the partnership business before the dissolution of the partnership.

3. A partner's duty of care to the partnership and the other partners in the conduct and winding up of the partnership business is limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law.

Section 45–16–04(2)(a), N.D.C.C., includes the rule that a partner violates his duty of loyalty to the partnership and other partners when he misappropriates a partnership opportunity. *See also* Uniform Partnership Act § 404, cmt. 2 (1997).

[¶ 9] In *Knudson v. Kyllo*, 2012 ND 155, 819 N.W.2d 511, we reversed the district court's decision on Kyllo's usurpation of a partnership opportunity claim and remanded for consideration of the issue. We said:

> The district court analyzed whether Knudson intended for the purchase of the Fougner land to be partnership property, but the court's findings did not analyze a partner's fiduciary duties to another partner in the context of a claim for usurpation of a partnership opportunity. Although Tri–K Farms may not have been in the business of purchasing farmland, Tri–K Farms was in the business of farming leased land and its partners' land and farming the Fougner land was within the scope of the partnership. The district court did not explicitly address whether purchase of the Fougner land constituted a partnership opportunity, and the court's findings do not specifically address Kyllo's claim for usurpation of a partnership opportunity.

*Id.* at ¶ 28.

[¶ 10] On remand, the district court found Kyllo failed to establish by a preponderance of the evidence that Knudson usurped a partnership opportunity:

> The Supreme Court, in its opinion [said], "[a]lthough Tri–K Farms may not have been in the business of purchasing farmland, Tri–K Farms was in the business of farming leased land and its partner[s'] land and farming the Fougner

land was within the scope of the partnership." The Court agrees. Farming the Fougner land was a partnership opportunity of this partnership. On the other hand, owning the Fougner land was not within the scope of the business of the partnership. At no time during the existence of Tri–K Farms, did the partnership own any property. Rather, the partners owned the farmland, and the partnership farmed that farmland at no cost to the partnership. Shawn Knudson (Shawn) purchased the Fougner land through a Contract for Deed dated May 31, 2005. Shawn's purchase of the property, however, did not usurp a partnership opportunity. In fact, Tri–K Farms continued to farm the Fougner land until its dissolution. Furthermore, the income from the lease that Tri–K Farms had on the Fougner land went to Tri–K Farms. Nothing changed except now Shawn owned the property. And Shawn owning this piece of property was no different than Randy owning his own pieces of property. The Court will repeat that the partnership opportunity concerning the Fougner land was to farm the land and not to own it. . . .

Accordingly, the Court finds that Randy has failed to establish by the preponderance of the evidence that Shawn improperly usurped a partnership opportunity in violation of N.D. Cent.Code § 45–16–04.

[¶ 11] Whether an opportunity is a partnership opportunity is largely a question of fact. *Cf. Brandt v. Somerville,* 2005 ND 35, ¶¶ 33–34, 692 N.W.2d 144 (whether an opportunity is a corporate opportunity belonging to the corporation is largely a question of fact). There is evidence supporting the court's findings that the purpose of the partnership was to farm and the opportunity to purchase the Fougner land was not a partnership opportunity. There was evidence both partners separately owned farmland and machinery, and the partnership farmed the land and used the equipment without paying rent during the duration of the partnership. Knudson and Kyllo testified they each owned land the partnership used, the partners would farm all of the land together, the proceeds from farming belonged to the partnership, and the profits were split between the two partners. Knudson and Kyllo each separately owned approximately 600 acres of farmland when the partnership began. The partnership also leased farmland from third parties. There was no evidence that the partnership ever owned any real property or that the acquisition of property was one of the partnership's purposes. Knudson testified they had been offered the opportunity to purchase other land during the partnership and neither party took advantage of the opportunity to purchase the land. There was evidence the partnership continued to farm the Fougner land during the 2005 farm season after Knudson purchased the land and the proceeds from farming the land belonged to the partnership. The partnership's relationship with the land did not change.

[¶ 12] Because there is evidence supporting the district court's finding that the purchase of the Fougner land was not a partnership opportunity and we are not left with a definite and firm conviction that a mistake was made, we conclude the court's findings are not clearly erroneous.

III

[¶ 13] We affirm.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.