2013 ND 128

Steven D. JOHNSON, Plaintiff
and Appellant

v.

Sandra MARK, as Personal Representative of the Estate of Jeanne H. Johnson, Deceased; Sandra Mark; Stuart Johnson; and Scott Johnson, Defendants.

Sandra Mark, as Personal Representative of the Estate of Jeanne H. Johnson, Deceased; Sandra Mark; Stuart Johnson, Appellees.

No. 20120343.

Supreme Court of North Dakota.

July 18, 2013.

Rehearing Denied Aug. 29, 2013.

David A. Garaas, Fargo, N.D., for plaintiff and appellant.

Christopher M. McShane, West Fargo, N.D., for defendants and appellees.

SANDSTROM, Justice.

[¶ 1] Steven D. Johnson appeals from an order compelling discovery of his federal income tax returns, and from a judgment canceling a contract for deed and dismissing his action for specific performance against Sandra Mark, individually and as personal representative of the estate of Jeanne H. Johnson, and Stuart Johnson and Scott Johnson. We conclude the district court did not abuse its discretion in compelling discovery, in canceling the contract for deed, and in dismissing the action for specific performance. We affirm.

I

[¶ 2] Jeanne Johnson and her husband farmed in Cass County and had three children: Steven Johnson, Sandra Mark and Stuart Johnson. Scott Johnson is Steven Johnson's son. In the early 1980s, Jeanne Johnson and her husband sold a quarter section of land to Steven Johnson. Jeanne Johnson tracked his payment for the property in a ledger book. Steven Johnson subsequently mortgaged this property and failed to make the payments on the promissory note, resulting in foreclosure. Stuart Johnson then bought that quarter section of land.

[¶ 3] In 1992 Steven Johnson began making payments to Jeanne Johnson for a second quarter section of her property, and she also tracked the payments in her ledger book. In the meantime, Steven Johnson continued to experience financial difficulties and he received loans from Jeanne Johnson, which she entered in the

ledger book. In 2008, Jeanne Johnson, with Steven Johnson's knowledge, granted a mortgage on the second quarter section of land to obtain a debt consolidation loan.

[¶ 4] Jeanne Johnson died in 2010, and her will was submitted to the district court for probate. The will, executed in 2008, gave Scott Johnson the farmstead on the second quarter section of land Steven Johnson began making payments for in 1992. The remainder of the estate was given to Mark, Stuart Johnson, and Scott Johnson in equal portions. Steven Johnson filed a claim against the estate, seeking delivery of the title to the second quarter section of property and asserting he had entered into a contract for deed with Jeanne Johnson in 1992. After the personal representative denied the claim, Steven Johnson brought this action seeking specific performance of the contract for deed and delivery of a personal representative's deed to the property. He alleged the contract for deed was based on a series of entries contained on two pages of Jeanne Johnson's ledger book. The defendants denied the existence of a contract for deed and asserted Steven Johnson farmed the property and lived in the farmhouse located on the property under a rental agreement with Jeanne Johnson.

[¶ 5] The defendants moved to compel discovery, seeking Steven Johnson's tax returns for a number of years along with supporting documentation. Steven Johnson responded by moving to disqualify the law firm representing the defendants from participating in the case. The district court granted the motion to compel and denied the motion to disqualify. Steven Johnson moved for summary judgment, asserting a contract for deed existed as a matter of law and he had fully complied with its terms. The defendants also moved for summary judgment, contending, under the statute of frauds, no valid con-

tract for deed existed as a matter of law. Less than a week before the scheduled trial, the court ruled a valid contract for deed existed as a matter of law because the notations in the ledger book identified the subject property, the purchase price of $114,000, the interest rates, and the final payment date of 2003. The court, however, declined to rule as a matter of law that Steven Johnson had made all of the required payments under the contract for deed, concluding he "is not entitled to the deed unless he fulfilled the terms of the contract, i.e., paying the purchase price no later than 2003." Following the trial, the court found Steven Johnson had failed to pay the property taxes required under the contract and failed to make full payment by the end of 2003. The court canceled the contract for deed without granting Steven Johnson redemption rights and dismissed his action for specific performance.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Steven Johnson's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

[¶ 7] Steven Johnson does not challenge the denial of his motion to disqualify the law firm representing the defendants, but argues the district court erred in compelling discovery of his tax returns and related documentation, because they are privileged communications exempt from discovery.

[¶ 8] A district court has broad discretion regarding the scope of discovery, and its discovery decisions will not be reversed on appeal absent an abuse of discretion. *Lynch v. New Pub. Sch. Dist. No. 8*, 2012 ND 88, ¶ 23, 816 N.W.2d 53. A court abuses its discretion only when it

acts in an arbitrary, unreasonable or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Leno v. K & L Homes, Inc.*, 2011 ND 171, ¶ 23, 803 N.W.2d 543.

[¶ 9] Steven Johnson relies on 26 U.S.C. § 6103(a) and N.D.C.C. § 57–38–57 to support the argument that his state and federal tax returns and the underlying information are confidential and exempt from discovery. Almost 50 years ago, however, this Court ruled these statutes do not turn state or federal tax returns into "privileged communications," and tax returns are subject to discovery. *See Schriock v. Schriock*, 128 N.W.2d 852, 863 (N.D.1964). Steven Johnson's remaining arguments to support the proposition that these documents constitute privileged communications are without merit.

[¶ 10] Rule 26(b)(1), N.D.R.Civ.P., provides: "For good cause, the court may order the discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The district court reasoned:

The remaining question then is whether the tax returns appear reasonably calculated to lead to the discovery of admissible evidence. There is an issue of whether the payments that Plaintiff made were Contract for Deed payments or were lease payments. The tax returns may very well shed light on this. At the very least, these tax returns, as well as any financial information that was used to prepare the tax returns, are calculated to lead to the discovery of admissible evidence.

[¶ 11] We conclude the district court did not abuse its discretion in compelling discovery of these documents.

## III

[¶ 12] The defendants argue the district court erred in ruling a contract for deed for the second quarter section of land was established by the handwritten notations contained in Jeanne Johnson's ledger book and was valid under the statute of frauds in N.D.C.C. § 9–06–04. *See Johnson v. Auran*, 214 N.W.2d 641, 650 (N.D. 1974) (discussing the sufficiency of a note or memorandum to constitute a contract which meets the requirements of the statute of frauds). It is unnecessary to address this issue because, assuming for purposes of argument a valid contract for deed was formed, we conclude the court did not err in canceling the contract for deed and dismissing Steven Johnson's action for specific performance.

[¶ 13] After the trial, the district court ruled any equitable interest Steven Johnson may have had in the property under the contract for deed was lost through abandonment. The court found Steven Johnson was required under the contract for deed to pay the property taxes on the property and to make full payment of the $114,000 "no later than 2003." The court found Steven Johnson had not paid the property taxes, the contract for deed had an outstanding unpaid balance of $62,976.24 as of December 29, 2003, and his "failure to pay the taxes and his failure to make full payment by the end of 2003 was a positive and absolute refusal to do the same." On the basis of notations on checks written by Steven Johnson and notations made in the ledger book, the court found payments Steven Johnson made to Jeanne Johnson after December 29, 2003, were "for cash rent for the subject property." The court found that in 2007 Steven Johnson "knowingly and voluntarily relinquished his rights" under the contract for deed "by failing to object to the subject

land being encumbered by a mortgage in conjunction with a debt consolidation loan for Jeanne," that in 2008 "Jeanne believed the [c]ontract for [d]eed had been abandoned when she devised the subject property to other family members," and that "Steven's conduct clearly evidences his intention to abandon" the contract for deed. The court canceled the contract for deed without affording Steven Johnson any redemption rights to the property. The court reasoned, "[e]quities do not favor Steven because all payments made after December 29, 2003, were for cash rent for said property, and for the payments made before December 29, 2003, Steven received a benefit of farming the subject property." The court dismissed the action for specific performance.

### A

[¶ 14] Steven Johnson argues the district court erred in relying on the legal theory of "abandonment" or "relinquishment" and canceling the contract for deed, because the defendants did not plead these theories in their answer to the complaint.

[¶ 15] The district court issued its decision on the summary judgment motions on June 27, 2012, in which the court pointed out that Steven Johnson "is not entitled to the deed unless he fulfilled the terms of the contract, i.e., paying the purchase price no later than 2003." Before the trial began on July 2, 2012, the following exchange occurred between the court and Steven Johnson's attorney:

THE COURT: ... So just you understand, the factual issue that I see remaining is whether your client has made the payments that he was required to make under the Contract for Deed that I found. Is that your understanding, Mr. Garaas?

MR. GARAAS: I understand your opinion.

Later during the proceedings, the following exchange occurred between the court and the attorneys for both parties:

MR. McSHANE: ... So for that reason, because this is an undisputed fact that Mr. Johnson is going to put on for the Court today, that the payments were not completed in 2003 and the *Bendish* case says, that you don't have to—you can cancel the Contract for Deed and that you don't have to institute a remedy of redemption, then we, as the Defendants in this matter, excluding Scott Johnson, are seeking to cancel that Contract for Deed with no right of [redemption].

MR. GARAAS: Your Honor,—

THE COURT: Go ahead, Mr. Garaas.

MR. GARAAS:—his argument is outside the scope of the pleadings. In fact, I would like to know what pleading he has ever brought that has recognized that this was a Contract for Deed and that this is a cancellation of a Contract for Deed action. That's one of the problems we have. In fact, I would like to know if he has even filed his Answer in this case at the present time, Your Honor.

THE COURT: Well, what we're going to do is, I'm just going to hear the evidence here and I'm not ruling anything as a matter of law and then I'll give you people an opportunity to brief all these issues.

MR. GARAAS: All right, Your Honor. That's fine.

Steven Johnson's attorney did not argue about the sufficiency of the pleadings in his post-trial brief.

[¶ 16] From its inception, this case has involved an alleged contract for deed for the sale of real property. The district court's decision on summary judgment must be considered in that context.

It has long been established that an equitable interest in real estate under a contract for deed may be lost by abandonment. *See, e.g., Engen v. Kincannon,* 79 N.W.2d 160, 167 (N.D.1956). This Court has said, "Abandonment by the purchaser is shown . . . where he positively and absolutely refuses to perform the conditions of the contract, such as a failure to make payments due, accompanied by other circumstances . . . or where by his conduct he clearly shows an intention to abandon the contract." *Id.* (internal citation and quotation marks omitted). The district court's summary judgment ruling injected the issue of abandonment into these proceedings. Although the court did not use the term "abandonment," the import of the summary judgment ruling provided Steven Johnson with fair notice of what had become the defendants' defense. *See Mitchell v. Barnes,* 354 N.W.2d 680, 684 (N.D. 1984). Even if abandonment is an affirmative defense under N.D.R.Civ.P. 8(c), when the court receives evidence on an unpled affirmative defense and considers that evidence in arriving at its decision, we consider the merits of the affirmative defense issue on appeal under the theory the issue was tried by the express or implied consent of the parties. *See Freed v. Unruh,* 1998 ND 34, ¶ 8, 575 N.W.2d 433, and cases collected there; *see also Hildenbrand v. Capital RV Ctr., Inc.,* 2011 ND 37, ¶¶ 24–25, 794 N.W.2d 733 (failure to explicitly request equitable relief is not fatal to court's grant of equitable relief). Here Steven Johnson told the court he understood the summary judgment decision. The abandonment issue was tried, if not by express consent, by the implied consent of the parties. *See Askew v. Joachim Mem'l Home,* 234 N.W.2d 226, 237 (N.D.1975). *See also SolarBee, Inc. v. Walker,* 2013 ND 110, ¶¶ 6–16.

[¶ 17] At the outset of the trial, the defendants' attorney informed the district court and Steven Johnson's attorney that they were seeking to cancel the contract for deed without affording Steven Johnson any redemption rights. This was the equivalent of moving to amend the pleadings, and the court, by granting the relief sought, implicitly granted the motion. *See Falkenstein v. Dill,* 2012 ND 165, ¶¶ 9–10, 820 N.W.2d 382; *Leet v. City of Minot,* 2006 ND 191, ¶¶ 8–10, 721 N.W.2d 398. Although Steven Johnson's attorney objected because cancellation was not contained in the defendants' pleadings, he did not claim surprise, or if he was surprised, he did not seek a continuance. A "continuance is the proper remedy for a party claiming surprise." *Burns v. Burns,* 2007 ND 134, ¶ 7, 737 N.W.2d 243. Steven Johnson must show that, through surprise caused by the amendment, he was unable to prepare a defense to the new claim or that he was otherwise prejudiced by the implicit grant of permission to amend. *See Witthauer v. Burkhart Roentgen, Inc.,* 467 N.W.2d 439, 442–43 (N.D.1991); *Vasichek v. Thorsen,* 271 N.W.2d 555, 562 (N.D.1978); *Dardis v. Eddy Bros.,* 223 N.W.2d 674, 680 (N.D.1974). Steven Johnson has not made the requisite showing.

[¶ 18] Under these circumstances, we conclude the district court did not err in relying upon the legal theories of abandonment and cancellation of a contract for deed.

## B

[¶ 19] Steven Johnson argues the evidence was insufficient to show abandonment or relinquishment of the contract for deed by either himself or Jeanne Johnson.

[¶ 20] Abandonment is a finding of fact. *Newman Signs, Inc. v. Hjelle,* 317 N.W.2d 810, 817 (N.D.1982). In an appeal from a bench trial, the district

court's findings of fact are reviewed under the clearly erroneous standard. N.D.R.Civ.P. 52(a)(6). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. *Knudson v. Kyllo,* 2013 ND 102, ¶ 7, 831 N.W.2d 763.

[¶ 21] Steven Johnson admitted he did not pay the full purchase price for the property by the end of 2003, but simply disputed the amount of payments outstanding. Jeanne Johnson tracked the payments in her ledger book. Steven Johnson had no detailed record of payments, but offered canceled checks made out to Jeanne Johnson and others dating back to 1995. Many of the checks did not indicate their purpose, and others were labeled as "Cash Rent." The ledger book indicates that after 2003 Jeanne Johnson began labeling payments from Steven Johnson as "rent." Steven Johnson reported his payments to Jeanne Johnson as cash rent for tax purposes. In 2008 Jeanne Johnson mortgaged the property, and Steven Johnson met with the loan officer but did not indicate he was purchasing the property under a contract for deed. Jeanne Johnson executed a will in 2008 devising a portion of the property to Scott Johnson. This evidence abundantly supports the district court's finding of abandonment.

[¶ 22] Relying on *Barnes v. Hulet,* 34 N.D. 576, 159 N.W. 25 (1916), Steven Johnson argues he cannot be found to have abandoned the contract for deed because he maintained possession of both the farmstead and farmland. In *Barnes,* this Court said, "Abandonment of property necessarily involves an act by which the possession is relinquished...." *Id.* at 588, 159 N.W. at 29 (internal citation and quotation marks omitted). *Barnes* is distinguishable, however, because in that case the defendant took and maintained possession under the contract for deed upon making a $900 down payment on a $3,000 purchase price, and the plaintiff did not contest the defendant's right to possession for six years. *Id.* Here, although Steven Johnson may have originally taken possession under the contract for deed, the district court found his possession after 2003 was maintained under a cash rent lease with Jeanne Johnson. The *Barnes* reasoning does not apply when the party is in possession under a lease agreement. *See Olson v. Brodell,* 128 N.W.2d 169, 177 (N.D.1964).

[¶ 23] We conclude the district court's finding Steven Johnson and Jeanne Johnson abandoned the contract for deed is not clearly erroneous.

C

[¶ 24] Steven Johnson argues the district court erred in making time of payment an essential part of the contract for deed, because the contract did not state that time was of the essence.

[¶ 25] An agreement need not specifically state time is of the essence if the terms unambiguously manifest an intent that time is of the essence for the agreement. *See, e.g., Kuperus v. Willson,* 2006 ND 12, ¶ 13, 709 N.W.2d 726. In *Asplund v. Danielson,* 56 N.D. 485, 217 N.W. 848, Syll. 3 (1928), this Court said, "Where in a contract to repurchase stock the defendant agreed in writing, 'I agree to take this stock ... at $100 on the 1st day of May, 1920,' it is held ... that time is of the essence of the contract and that a demand to repurchase on the 1st of June, 1920, is too late." The contract for deed here stated, "Final Pay Will be 2003." This is an unambiguous indication that

time was of the essence of the contract for deed.

[¶ 26] We conclude the district court did not err in ruling time was of the essence in the contract for deed.

## D

[¶ 27] Steven Johnson argues the parol evidence rule prevented the district court from finding his post–2003 payments were rental payments.

[¶ 28] The parol evidence rule precludes the use of evidence of prior oral negotiations and agreements to vary or add to the terms expressed in the written contract. *See, e.g., Ehlen v. Melvin,* 2012 ND 246, ¶ 16, 823 N.W.2d 780; N.D.C.C. § 9–06–07. The parol evidence rule does not apply in this case for two reasons. First, a "party to a written contract for the sale of land may waive his rights thereunder by parol, and the contract may be annulled and abandoned and extinguished by parol." *Wadge v. Kittleson,* 12 N.D. 452, 453, 97 N.W. 856, Syll. 3 (1903). Second, the contract for deed did not contemplate payments after 2003, so evidence that post–2003 payments were intended as rent does not vary or add to the terms of the contract for deed. The parol evidence rule does not prohibit evidence of a new agreement after abandonment of the contract for deed. *See WFND, LLC v. Fargo Marc, LLC,* 2007 ND 67, ¶ 39, 730 N.W.2d 841; *Gunderson v. Burbidge,* 75 N.W.2d 757, 761 (N.D.1956).

[¶ 29] We conclude the parol evidence rule does not apply here.

## E

[¶ 30] Steven Johnson argues the district court erred in canceling the contract for deed without granting him a redemption period.

[¶ 31] There are two methods to cancel a contract for deed: 1) a statutory cancellation under N.D.C.C. ch. 32–18; or 2) a court action in equity, in which the district court must base its decision on equitable principles. *Bendish v. Castillo,* 2012 ND 30, ¶ 7, 812 N.W.2d 398. The "mutual rights and obligations [of the parties to a written contract for the purchase and sale of real estate] may be terminated by abandonment on the part of the vendee, acquiesced in by the vendor, even though no statutory notice of cancellation is given." *Raasch v. Goulet,* 57 N.D. 674, 223 N.W. 808, Syll. 2 (1929), *overruled on other grounds by Ziebarth v. Kalenze,* 238 N.W.2d 261 (N.D.1976). Unlike cancellation by notice under N.D.C.C. ch. 32–18, cancellation by action is not subject to a statutorily prescribed period for redemption. *Striegel v. Dakota Hills, Inc.,* 365 N.W.2d 491, 497 (N.D.1985). Rather, the period of redemption, if any, is left to the court's sound discretion. *See Bendish,* at ¶ 8; *Bender v. Liebelt,* 303 N.W.2d 316, 318–19 (N.D.1981).

[¶ 32] The district court found the parties abandoned the contract for deed and after 2003 Steven Johnson rented the property from Jeanne Johnson until her death in 2010, a period of approximately seven years, before he brought this action for specific performance based on the 1992 contract for deed. Steven Johnson admitted that he did not make the required tax payments on the property and acknowledged that even if the rent payments were credited to the contract for deed, an unpaid balance would still remain. Jeanne Johnson was required to advance funds for payment of the taxes. The court noted Steven Johnson received the benefit of farming the property while making payments on the contract for deed. Under these circumstances, we conclude the court did not abuse its discretion in refusing to

allow Steven Johnson a right to redeem the property.

[¶ 33] Because specific performance is not an absolute right, but is an equitable remedy also governed by equitable principles, *see, e.g., Landers v. Biwer*, 2006 ND 109, ¶ 9, 714 N.W.2d 476; *Wolf v. Anderson*, 334 N.W.2d 212, 215 (N.D. 1983), we likewise conclude the district court did not abuse its discretion in dismissing the specific performance action.

## IV

[¶ 34] We do not address other issues raised, because they are either unnecessary to the decision or are without merit. The order and judgment are affirmed.

[¶ 35] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.